## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| | :CHAPTER 13 |
| MICHAEL J. CIACH | : |
| | : |
| xxx-xx-8354 | :CASE NO. 25-11899-DJB |
| Debtor. | : |
| | : |
| | : |
| Athene Annuity and Life Company | : |
| | : |
| Movant, | : |
| v. | : |
| | : |
| MICHAEL J. CIACH | : |
| | : |
| Debtor, | :Courtroom #2 |
| And | : |
| | : |
| KENNETH E. WEST | : |
| | :Hearing Date:  October 9, 2025 at 11:00 a.m. |
| Trustee, | : |
| | : |
| Respondents. | : |
| | : |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY; PROVIDING PROSPECTIVE/*IN REM* RELIEF FROM STAY AS TO DEBTOR AND/OR ANY OTHER INDIVIDUAL OR ENTITY CLAIMING AN INTEREST IN THE SUBJECT PROPERTY; WAIVING THE 14-DAY REQUIREMENT OF RULE 4001 (a)(3);AND IF CASE HAS BEEN DISMISSED AND/OR CLOSED, TO REINSTATE AND/OR REOPEN CASE FOR PURPOSES OF ADJUDICATING THIS MOTION AS TO REAL PROPERTY KNOWN AS 3430 11th STREET, BROOKHAVEN, PENNSYLVANIA 19015**

Movant, by its Attorneys, Romano Garubo & Argentieri, Emmanuel J. Argentieri, Esquire appearing, hereby requests a modification of the automatic stay and leave so it can exercise its rights under state law against certain realty and avers as follows:

1.    Movant is Athene Annuity and Life Company, (hereinafter "Movant").

2.     On June 7, 2010, Debtor executed a Mortgage in favor of MERS for Universal Mortgage & Finance, Inc. against the property known as 3430 11th Street, Brookhaven, PA 19015, ("Subject Property") in which Debtor is the title holder.  The mortgage was ultimately assigned to Movant.  **(Please see Exhibit "A" attached hereto and incorporated herein).**

3.     On July 27, 2021, Movant filed a complaint in mortgage foreclosure with the Commonwealth of Pennsylvania, Delaware County as a result of Debtor's mortgage payment default and failure to cure monthly payments due from December 1, 2020 forward.  **(Please see Exhibit "B" attached hereto and incorporated herein).**

4.     The foreclosure action progressed, but was stayed numerous times due to Debtor's frivolous answer to Movant's complaint and state court litigation as well as the filings of his 2nd and 3rd unsuccessful chapter 13 bankruptcy cases.

5.     Thereafter, the foreclosure was stayed, yet again, when Debtor filed his fourth chapter 13 bankruptcy petition with this Court.  The above-captioned petition was a deficient filing.  To date, the missing documents have been filed by Debtor, however, now the Chapter 13 Trustee has filed a motion to dismiss case due to non-payment.  The hearing date for the motion to dismiss case is set for September 11, 2025.  The Debtor is not keeping up with his chapter 13 obligations.  The instant petition, just like the previous petitions, was filed in bad faith and in abuse the bankruptcy process.

6.     Debtor's mortgage account is contractually due for the July 1, 2021 payment rendering the account over four (4) years past due.  *See certification in support of motion.*

7.     Pursuant to the terms of the aforesaid Note, Debtor's monthly post-petition mortgage payment is in the amount of $1,179.63 ($888.69 principal and interest; $290.94 escrow).  The first post-petition mortgage payment was due on June 1, 2025.  *See certification in support of motion.*

8.     As of August 15, 2025, Movant has not received any post-petition payments.  Accordingly, the outstanding amount due on Debtor's post-petition mortgage account totaled $3,538.89 (6/1/25-8/1/25). *See certification in support of motion.*

9.     As of June 3, 2025, the outstanding amount due on Debtor's mortgage account totaled approximately $241,268.16. *See certification in support of motion.*

10.     The subject realty has a value of $198,960.00 pursuant to Debtor's Schedule A filed with this Court on June 20, 2025. Accordingly, there is no equity in the subject property before even factoring in the 10% cost of sale, Debtor's property exemption and administrative expenses if property were liquidated. **(Please see Exhibit "C" attached hereto and incorporated herein).**

11.     Over $34,000.00 has been advanced for escrow to preserve Movant's interests in the subject property. *See certification in support of motion.*

12.     Pursuant to the foregoing, Movant contends cause exists to grant it an order for relief from the automatic stay. Movant contends it would be unduly harmed and prejudiced absent the relief it is seeking. In addition to the fees and costs and time it has already incurred in its pending foreclosure action, it will have to incur additional fees, costs and significant time delay unless it is granted relief. Movant contends that such a result is not equitable, especially in light of the fact that the realty cannot be used to effectuate an effective reorganization by the Debtor.

13.     Movant, in addition to seeking the entry of an Order granting it relief from the automatic stay is also seeking prospective relief as to future bankruptcy filings by Debtor and/or any other individual or entity claiming an interest of any kind whatsoever in the subject property. Movant contends the Debtor's filing history as it pertains to the subject realty is part of a scheme to delay, hinder or defraud Movant under 11 *U.S.C.* §362(d)(4)(B). The factual basis for which Movant requests prospective relief as to future filings is set forth in the previous paragraphs of this certification and as follows:

a)     Movant contends that this chapter 13 bankruptcy filing was filed in bad faith with the sole intent to unduly burden and vex Movant from proceeding to sheriff sale in its pending state court foreclosure proceeding. *See, In Re Lilley*, 91 F.3d 491 (3rdCir.1996); *In Re Gray*, 558 Fed Appx. 163 (2014).

b)       The bona fides of Debtor's filing are highly suspect when one considers that the above-captioned bankruptcy petition was the fourth chapter 13 bankruptcy filed by Debtor. Debtor's previous filings were all unsuccessful chapter 13 cases which were ultimately dismissed by this Court and the case numbers are as follows: **16-17092-AMC; 23-10547-AMC; and 24-12536-DJB.** Three (3) chapter 13 bankruptcy petitions have been filed since Movant's complaint initiated the foreclosure action, all to instill delay onto the foreclosure process to the detriment of Movant.

c)       Debtor's purpose for filing the above-captioned petition was solely to delay Movant from proceeding with its foreclosure so he and his family could remain living free in the property while Movant's interests in the property continue to be harmed.

14.       Pursuant to the foregoing, Movant contends that cause exists to grant Movant the relief it seeks under 11 *U.S.C.* §362(d)(1) and/or (2) and prospective relief for the reasons aforestated under 11 *U.S.C.* §362(d)(4)(B). Movant requests also that the relief not be subject to the fourteen-day period set forth in Bankruptcy Rule 4001(a)(3). Based on the foregoing history, Movant further contends that Debtor's bankruptcy filing has been filed in bad faith with the sole intent to unduly burden and delay Movant from completing its foreclosure action.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order granting prospective relief as to any and all future filings by Debtor and/or any other entity claiming an interest of any kind whatsoever in the subject property absent an application to this Court for an express order with notice of same to Emmanuel J. Argentieri, Esquire of Romano Garubo & Argentieri. Movant also respectfully requests that the 14-day requirement of FRBP 4001(a)(3) be waived. Additionally, if the case has been

dismissed and/or closed Movant requests the Court reopen and/or reinstate the case for purposes of

adjudicating this motion.


I HEREBY CERTIFY under penalty of perjury that the foregoing is true and correct.


ROMANO GARUBO & ARGENTIERI
Attorneys for Movant

By: /s/ Emmanuel J. Argentieri
    Emmanuel J. Argentieri, Esquire
    PA Attorney ID No. 59264

Dated:  September 3, 2025



ROMANO GARUBO & ARGENTIERI
Emmanuel J. Argentieri, Esquire
52 Newton Avenue, P.O. Box 456
Woodbury, New Jersey 08096
(856) 384-1515
eargentieri@rgalegal.com