

United States Bankruptcy Court
Eastern District of Pennsylvania

| | |
|---|---|
| In re:<br><br>    Michael J. Ciach,<br><br>        Debtor. | Case No. 25-11899-djb<br><br>Chapter 13 |

**Debtor's Verified Motion to Approve Compromise and Settlement of Personal Injury Claim, Authorize Execution of Release, and Approve Disbursement of Funds**

**AND NOW**, Debtor Michael J. Ciach, through his attorney, moves for the entry of an order approving a settlement of a personal injury claim under Fed. R. Bankr. P. 9019.

### Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. § 1334 and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and the Debtor consents to the entry of a final order by this Court.

3. Venue is proper under 28 U.S.C. § 1409.

### Background

4. The Debtor petitioned for relief under chapter 13 of the Bankruptcy Code on May 14, 2025.

5. The Debtor has proposed a plan, but it has not yet been confirmed.

6. In 2023, the Debtor filed a complaint in the Philadelphia Court of Common Pleas against Peter James Bruno and others for damages associated with personal injuries he sustained from an assault in 2021.

7. After negotiations, the Debtor agreed to compromise and settle his claims against the defendants. A true and correct copy of the settlement agreement is attached as Exhibit A.

8. As a compromise, the Debtor will release all claims against the defendants in exchange for payment of $100,000. A true and correct copy of the release is attached as Exhibit B.

9. After deductions for attorney's fees and costs, the Debtor will receive a net payment of $33,305.39. A true and correct copy of the proposed distribution sheet is attached as Exhibit C.

10. The entire settlement payment is exempt property, as reflected on Amended Schedule C.

**Grounds For Relief**

11. Under Fed. R. Bankr. P. 9019, the Court may approve a compromise or settlement. In doing so, it must consider: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Washington Mut., 848 F. App'x 84, 87 (3d Cir. 2021).

12. The proposed settlement is the product of good-faith, arms-length negotiations and reflects a reasonable compromise in light of the

uncertainties of litigation, including disputed issues of liability, causation, damages, and comparative fault; the potential need for expert testimony; the expense and delay of continued litigation; and the inherent risks of trial and appeal. It eliminates the risks and costs associated with continued prosecution of the claim and provides a prompt, certain recovery

13. The proposed settlement will not prejudice creditors, as the net proceeds are fully exempt and will not affect the proposed chapter 13 plan.

**FOR THOSE REASONS,** the Court must grant relief in the form of order attached, and further in the Debtor's favor if necessary and proper under the law.

Date: December 12, 2025

**SADEK LAW OFFICES LLC**
*Attorney for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad (#330937)
1500 JFK Blvd., Suite 220
Philadelphia, PA 19102
215-545-0008
michael@sadeklaw.com

## Verification

I, Michael J. Ciach, am the debtor in this bankruptcy case. I have read this motion and verify that all factual allegations therein are true and correct to the best of my knowledge, information, and belief. I verify under penalty of perjury that the foregoing is true and correct.

Date: December 12, 2025

/s/ Michael J. Ciach
Michael J. Ciach