# JOINT TORTFEASOR RELEASE
## UNDER THE PENNSYLVANIA COMPARATIVE N[EGLIGENCE ACT]

This Settlement Agreement and Joint Tortfeasor Rele[ase under the Pennsylva]nia Comparative Negligence Act (the "Settlement Agreement") is [entered into t]his 30th day of October, 2025, by and among:

| | |
|---|---|
| "Plaintiff" | Michael J. Ciach. |
| "Settling Defendants" | Marty Magees, LLC, Marty Magees Glenolden, LLC, Todd Martin & Joseph Magee d/b/a Marty Magee's, Magee Hospitality Group, Inc., Joseph Carroll Magee, Jr., Railside Investments, LLC. |
| "Insurer" | Golden Bear Insurance Company. |

Plaintiff, Settling Defendants and Insurers are collectively referred to as the "Parties".

## RECITALS

A. Plaintiff filed a Complaint against, *inter alia*, Settling Defendants, Marty Magees LLC, Marty Magees Glenolden, LLC, Todd Martin & Joseph Magee d/b/a Marty Magee's, Magee Hospitality Group, Inc., Joseph Carroll Magee, Jr., and Railside Investments, LLC, in the Court of Common Pleas, Philadelphia County, Pennsylvania, bearing Case ID: 231201575. The Complaint arose out of certain alleged negligent acts or omissions by Settling Defendants, amongst others, allegedly occurring on or around December 28, 2021, and December 29, 2021 (hereinafter the "Incident"). In the Third Amended Complaint (hereinafter the "Complaint"), Plaintiff sought to recover monetary damages from the Settling Defendants, and other named Defendants, as a result of the Incident.

B. Golden Bear Insurance Company is the liability insurer obligated to pay any claim made or judgment obtained against Settling Defendants herein which are covered by its policy of insurance issued to Marty Magees LLC; dba: Marty Magees Irish Pub (Policy Number: GBL 200170-00).

C. The Parties desire to enter into this Settlement Agreement in order to provide for certain payment in full settlement and discharge of all claims against Settling Defendants which are, or might have been, the subject matter of the Complaint, upon the terms and conditions set forth below.

# AGREEMENT

The Parties agree as follows:

1.0 **Release and Discharge**

    1.1    In consideration of the payment set forth in Section 2, Plaintiff hereby completely releases and forever discharges Settling Defendants and Insurer from any and all past, present and future claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, contract or other theory of recovery, which the Plaintiff now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of, or which are the subject of the Complaint (and all related pleadings) including, without limitation, any and all known or unknown claims for bodily and personal injuries to Plaintiff, or any future claim of Plaintiff's representatives or heirs, which have resulted or may result from the alleged acts or omissions of the Settling Defendants.

    1.2    This release and discharge shall also apply to Settling Defendants' and Insurer's past, present and future officers, directors, stockholders, attorneys, agents, servants, representatives, claims administrators, employees, subsidiaries, affiliates, partners, insurers, predecessors and successors in interest and assigns.

    1.3    This release, on the part of the Plaintiff, shall be a fully binding and complete settlement among the Plaintiff, the Settling Defendants and the Insurer, and their heirs, assigns and successors.

    1.4    Plaintiff further agrees that Plaintiff has accepted payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact. Plaintiff assumes the risk that the facts or law may be other than what Plaintiff believes. It is understood and agreed to by the Parties that this settlement is a compromise of a doubtful and disputed claim, and the payments are not to be construed as an admission of liability on the part of the Settling Defendants, by whom liability is expressly denied.

    1.5    Plaintiff also agrees to satisfy any and all liens and to indemnify and hold Settling Defendants and Insurer harmless from any and all liability arising from liens and/or subrogation claims including, but not limited to, any workers' compensation or medical payment due or claimed to be due under the law, state or federal regulation or contract. It is expressly understood that all obligations to satisfy such liens and/or subrogation claims are that of the Plaintiff and not Settling Defendants nor Insurer. Plaintiff also agrees to indemnify and hold harmless the Settling Defendants and Insurer from any additional subrogation claims or liens, which may exist as a consequence of injuries of Plaintiff. This includes any Medicare lien as per CMS, 42 C.F.R 411.22 & 42 C.F.R. 411.25.

    1.6    It is understood that Plaintiff, Settling Defendants, and Insurer do hereby reserve unto themselves any and all claims against all other persons, corporations, and entities not parties to this special release including, but not limited to, claims for all damages sustained by Plaintiff, Settling Defendants or

Insurer.

1.7 Plaintiff agrees that any judgment entered against any other party who has or who may assert a claim for contribution against Settling Defendants shall be reduced by an amount equal to the *pro rata* share of liability of the Settling Defendants, if any. This reduction will be effective whether or not Settling Defendants are held to be joint tortfeasors and whether or not a right of contribution or indemnification against the Settling Defendants exists. Notwithstanding any other provisions of this Settlement Agreement, the Parties intend the following by executing this Settlement Agreement:

(a) Settling Defendants and Insurer will have no obligation to pay any additional sums to any party as a result of any judgment obtained by Plaintiff against any non-settling tortfeasor;

(b) Plaintiff will be entitled to retain 100 percent of the Settlement Payment and 100 percent of any award or judgment obtained against the non-settling tortfeasor, which award or judgment will be reduced only by the Settling Defendants' *pro rata* share, if any. Under no circumstances will any award or judgment obtained by the Plaintiff be reduced by the amount of the Settlement Payment. Accordingly, even if the Settlement Payment exceeds the amount of the Settling Defendants' *pro rata* share, as determined in the proceeding against any non-settling tortfeasor, the Settling Defendants and Insurer will have no right of contribution against the non-settling tortfeasor or Plaintiff for the excess payment;

(c) It is the understanding and intention of the Parties that the Plaintiff will be entitled to receive a total recovery, consisting of the Settlement Payment and the amount of the judgment against the non-settling tortfeasor (which judgment will be reduced by the Settling Defendants' *pro rata* share) that exceeds the total judgment obtained, even if the Settlement Payment alone is greater than the total judgment obtained; and

(d) With respect to the determination of the *pro rata* share of liability of the Settling Defendants, in the event that any doctrine of comparative negligence, causation, or fault, or of joint and several liability, or any variation thereof, is held to be applicable in this action, Plaintiff agrees that any judgment entered against other alleged tortfeasors will be reduced by the amount of the relative percentage fault, causation, or other allocation, if any, attributed by the court or jury to the Settling Defendants, this share being deemed the "*pro rata*" share.

1.8 This Settlement Agreement shall not operate in any way to reduce or offset any amount recoverable by Plaintiff from a Non-Settling Party by way of settlement, before or after the signing of this Settlement Agreement.

1.9 By executing this Settlement Agreement, it is the intention of Plaintiff to enter into a final settlement with Settling Defendants and Insurer only, and to ensure that Settling Defendants and Insurer have no further obligations of payment. The Parties agree that this Settlement Agreement is intended to conform to and to be interpreted consistent with the provisions and requirements of the

Pennsylvania "Uniform Contribution Among Joint Tortfeasors Act" of 1951, P.L. 1130, 42 Pa. C.S. § 8321, et seq.

1.10 Plaintiff does hereby agree to satisfy any claim or judgment ultimately recovered by Plaintiff or by any other person, firm or corporation against Settling Defendants and Insurer, or either of them, for contribution or indemnification or otherwise, by satisfying such percentage of any claim or judgment against the Settling Defendants and Insurer as the negligence or fault of the Settling Defendants and Insurer bears to all causal negligence or fault of all tortfeasors or obligors having liability by reason of the occurrence, and, if Plaintiff fails to satisfy any claim or judgment recovered against Settling Defendants and Insurer, as described in paragraph 1.10, Plaintiff agrees to indemnify and save harmless Settling Defendants, Insurer, and their agents, representatives and insurer(s) from all liability, including any judgment, whether for contribution or indemnification or otherwise, arising out of the damages allegedly incurred by Plaintiff.

## 2.0 Payments

In consideration of the release set forth above, Golden Bear Insurance Company, on behalf of the Settling Defendants, agrees to pay the following:

2.1 **One Hundred Thousand Dollars ($100,000.00) made payable to Michael J. Ciach, and his attorneys, Fulginiti Law ("Settlement Payment").**

All sums set forth herein constitute damages on account of personal physical injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

2.2 Delivery. It is hereby understood and agreed that Golden Bear Insurance Company, on behalf of Settling Defendants, has no obligation to issue payment until such time as Plaintiff returns an executed copy of the Settlement Agreement.

## 3.0 Delivery of Dismissal with Prejudice

Following the execution of this Settlement Agreement and receipt of funds, counsel for the Plaintiff shall file an Order to Settle, Discontinue and End the Complaint as to the Settling Defendants, only. Plaintiff and Settling Defendants agree that the Answer filed by each of the Settling Defendants in the Civil Action will be amended to plead settlement and release as a defense in accord with Pa. R.C.P. 1030. All amendments and other filings identified in this Paragraph shall comply with the confidentiality provisions/terms/obligations of this Settlement Agreement.

## 4.0 Representation of Comprehension of Document

In entering into this Settlement Agreement, the Plaintiff represents that Plaintiff has relied upon the advice of his attorneys, who are the attorneys of his own choice, concerning the legal and income tax consequences of this Settlement Agreement; that the terms of this Settlement Agreement have been completely read and explained to Plaintiff by his attorneys; and the terms of the Settlement Agreement are fully understood and voluntarily accepted by Plaintiff.

5.0    **Warranty of Capacity to Execute Agreement**

Plaintiff represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations or causes of action referred to in this Settlement Agreement, except as otherwise set forth herein; that Plaintiff has the sole right and exclusive authority to execute this Settlement Agreement and receive the sums specified in it; and that Plaintiff has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement Agreement.

6.0    **Governing Law**

This Settlement Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania.

If any portion of this Settlement Agreement is found to be contrary to local, state or federal law, that provision shall be considered null and void and treated just as if it never appeared in the original agreement. The inclusion of illegal provision(s) in this Settlement Agreement shall not affect the validity of other provisions in the Settlement Agreement, which shall be given their full force and effect.

7.0    **Additional Documents**

All Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions, which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

8.0    **Confidentiality Agreement**

The Parties to this Settlement Agreement (including all individuals within their employ, referral counsel, and/or consulting counsel) agree that this settlement shall be kept strictly confidential. To that end, they have agreed that the Settlement Agreement itself, the terms of the Settlement Agreement and the settlement, including but not limited to the amounts paid in settlement, are confidential information and are not to be revealed or publicized in any manner, for any purposes whatsoever by the Parties and their counsel. By way of example, but without limitation, this confidentiality agreement forbids any disclosure of the settlement terms and/or the amount of the settlement to the news media, on social media, attorneys representing other claimants, The Legal Intelligencer, any advocacy group, any legal or quasi-legal organization, including, but not limited to the American Association for Justice and/or the Pennsylvania Association for Justice. Plaintiffs' attorneys are permitted to use general language on its website and promotional material including the settlement amount, general mechanism of injury, general description of types of injuries, and the County where the injuries occurred. Plaintiff and his attorneys are not permitted to reveal party names, insurance company names, docket numbers, or any other descriptions that would reveal the Parties of the case, case docket, or any insurance company involved. This Confidentiality Agreement between the Parties is considered and agreed to be for the mutual benefit of all Parties and the consideration for the promise of confidentiality is exchanged of such promises between the Parties, and no part of the monetary payment is in consideration of this mutual confidentiality. It is fully understood and agreed that the Parties hereto mutually desire to keep the terms of this settlement confidential, and that no sums set forth herein are being paid to assure confidentiality, and that instead, all sums set forth herein constitute damages on account of physical injuries and sickness, within the meaning of Sections 104(a)(1) or 104(a)(2) and 130(c) of the Internal Revenue Code of 1986, as amended.

However, the terms of this Confidentiality Agreement do not preclude the Parties from identifying the terms of this Settlement Agreement for the purpose of communicating with legal, financial and tax advisors; insurers; reinsurers; insurance, taxation and/or corporate regulatory agencies, authorities, departments and/or commissions; the Internal Revenue Service or during any financial audit by third parties; or as required during the conduct of a normal functioning insurance company. In addition, the Parties may disclose the amount paid in settlement, any confidential documents/information obtained through discovery or other means, and any discussions and/or communications which were made during settlement discussions under the following circumstances: (1) In an action brought to enforce this Settlement Agreement; (2) Upon written consent being obtained from the other Parties, through their respective counsel; (3) Upon an order being entered by any court of competent jurisdiction, in any state or federal jurisdiction, duly served on the Parties and their respective counsel via certified mail, return receipt requested; and (4) If a party, or his counsel, is subpoenaed for the disclosure of any terms and conditions of the Settlement Agreement, including the sum paid. If a party, or its counsel, is subpoenaed, they shall promptly provide all other Parties' counsel with written notice, enclosing a copy of the subpoena demanding the disclosure, as well as notice of the date, time, and place of the demanded disclosure. Any party objecting to the disclosure of any term or condition of the Settlement, including the consideration paid, may oppose the subpoena at the expense of the objecting party. This Confidentiality Agreement does not prevent Plaintiff and Settling Defendants from disclosing that this matter was amicably resolved.

### 9.0    Entire Agreement and Successors in Interest

This Settlement Agreement contains the entire agreement between the Plaintiff, the Settling Defendants, and the Insurer with regard to the matters set forth in it and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each. The Parties further agree that this Settlement Agreement supersedes any prior agreement or understanding between the Parties (whether written or oral) and cannot be varied or amended except by written agreement of the Parties.

### 10.0    Effectiveness

This Settlement Agreement shall become effective immediately upon execution of Plaintiff.

Plaintiff:    Michael J. Ciach

Dated: 10/30/2025

By: _____
Michael J. Ciach

Sworn to and subscribed before me this 30th day of October, 2025.

_Shannon M. Strigle_

Commonwealth of Pennsylvania - Notary Seal
Shannon M. Strigle, Notary Public
Delaware County
My commission expires April 2, 2027
Commission number 1289712
Member, Pennsylvania Association of Notaries